The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | )   CHAPTER 13 |
| LINDA K. BURRAGE, | ) |
| | )   CASE NO. 08-06091 |
| | ) |
| Debtor. | )   ADV. NO. 08-6091 |
| ———————————————— | ) |
| | )   JUDGE RUSS KENDIG |
| LINDA K. BURRAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HOMECOMINGS FINANCIAL | )   **MEMORANDUM OF OPINION** |
| NETWORK, et al., | )   **(NOT FOR PUBLICATION)** |
| | ) |
| Defendants. | ) |

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

On May 11, 2011, defendants filed a motion to stay pending plaintiff's appeal. On May

13, 2011, the court entered an order granting the motion. On May 19, 2011, the plaintiff filed an objection to the motion, and, on May 20, 2011, the plaintiff filed an additional objection to the motion. Plaintiff's objections are now before the court.

Plaintiff has appealed the denial of her motion to reconsider, filed August 13, 2011. (She failed to timely appeal the court's order, filed on February 11, 2011, which memorialized the parties' settlement and dismissed this case with prejudice). By objecting to the motion to stay, she now objects to an order staying the very relief that she opposes in her appeal.

"Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S.742, 749 (2001). The purpose of the doctrine is to preserve the integrity of the judicial system. Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002). Put more colorfully, the doctrine prevents litigants from engaging in "the perversion of the judicial machinery" by "blowing hot and cold as the occasion demands" or "having one's cake and eating it too." Id. at 775. (citing Reynolds v. Comm'r, 861 F.2d 469, 474 (6th Cir. 1988)).

The court finds that plaintiff is judicially estopped from objecting to the court's order staying the settlement. Plaintiff has taken contradictory positions in this litigation. On the one hand, she objects to the terms of her settlement with the defendant. On the other hand, she wants the settlement check immediately.

Accordingly, the court overrules plaintiff's objections.

An order will issue with this opinion.

&#35;     &#35;     &#35;

Service List:

Linda K. Burrage
320 Home Ave.
Mansfield, OH 44902

Joel Everett Sechler
Carpenter & Lipps, LLP
280 North High Street
280 Plaza Suite 1300
Columbus, OH 43215

Jason A. Whitacre
4500 Courthouse Blvd., Suite 400
Stow, OH 44224