*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

File Name: 11b0009n.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re:<br>    LINDA K. BURRAGE,<br><br>               Debtor. | )<br>)<br>)   No. 11-8029<br>)<br>) |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, Eastern Division
Case No. 03-66692; Adv. Pro. No. 08-06091

Decided and Filed: November 18, 2011

Before: BOSWELL, FULTON, and RHODES, Bankruptcy Appellate Panel Judges.

---

### COUNSEL

**ON BRIEF:** Joel E. Sechler, CARPENTER LIPPS & LELAND LLP, Columbus, Ohio, for Appellees. Linda K. Burrage, Mansfield, Ohio, pro se.

---

### OPINION

---

STEVEN RHODES, Bankruptcy Appellate Panel Judge. Debtor Linda K. Burrage appeals the bankruptcy court's order denying her motion to reopen her adversary proceeding to reconsider the bankruptcy court's previous order finding that a settlement agreement existed between Burrage and Creditor, Bank One. The Panel holds that the bankruptcy court did not abuse its discretion in denying the motion and affirms.

## I. ISSUE ON APPEAL

Did the bankruptcy court abuse its discretion in denying Burrage's motion to reopen her adversary proceeding?

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the BAP and no party has timely elected to have these appeals heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1).

For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497, (1989) (citations omitted). The bankruptcy court's order denying Appellant's motion to reopen her adversary proceeding—treated by the bankruptcy court as a motion for reconsideration—is final and appealable. *See Ingram v. JP Morgan Chase Bank (In re Ingram)*, No. 09-8027, 2010 WL 321599 (B.A.P. 6th Cir. Jan. 28, 2010).

The denial of a motion for reconsideration is reviewed for abuse of discretion. *Id.* An abuse of discretion occurs where the reviewing court has "a definite and firm conviction that the court below committed a clear error of judgment." *B-Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 936 (6th Cir. 2010) (citing *Barlow v. M.J. Waterman & Assocs., Inc.*, 227 F.3d 604, 607-08 (6th Cir. 2000)). The bankruptcy court's decision, under this standard, will only be disturbed if it "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Elec. Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (citing *Blue Cross & Blue Shield Mut. v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997)). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Wingerter*, 594 F.3d at 936.

### III. FACTS

Burrage filed her adversary proceeding on August 6, 2008. On October 4, 2010, Burrage and Bank One orally settled the adversary proceeding. Bank One's counsel contacted the bankruptcy court to inform it of the settlement, which resulted in the court cancelling the scheduled trial. On October 5, 2010, Burrage contacted the court and acknowledged the oral settlement but stated that she now disagreed with the terms of the settlement and wished to go ahead with the trial. The bankruptcy court did not re-set the trial but rather gave the parties 14 days to submit a written settlement agreement. Because the parties did not submit a written settlement agreement, on January 6, 2011, the bankruptcy court held an evidentiary hearing to determine whether the parties had reached an enforceable settlement and, if so, what were the terms of the settlement.

On February 11, 2011, the bankruptcy court entered a memorandum opinion and order finding that there was an enforceable settlement and setting forth its terms. Burrage did not appeal the February 11 Order.

Instead, on March 3, 2011, Burrage filed a motion to reopen the adversary proceeding, seeking to submit purportedly new evidence in the matter. The bankruptcy court entered an order requiring Burrage to provide a "detailed description of the new evidence, including a copy of any relevant documentation, and an explanation, if one exists, as to why the evidence was not brought to the Court's attention at the evidentiary hearing."

Burrage filed her response on March 21, 2011, which described the new evidence as a copy of her phone bill showing that she received telephone calls from Bank One's attorney that were 52 seconds on October 4, 2010, and 6 minutes and 46 seconds on January 6, 2011. According to Burrage, the 52 second phone call on October 4, 2010, was too short for Bank One's counsel to have left a voice message agreeing to her settlement terms. She asserted that Bank One's counsel called her January 6, 2011, to tell her that her witnesses would not be able to testify in the hearing that day on the settlement agreement and that she informed the attorney that another witness would not be able to testify because of surgery. The only other piece of new evidence consisted of an affidavit from Mrs. Brown, a friend of Burrage's, confirming that she had accompanied Burrage to a meeting with Bank One's counsel on October 14, 2010, and that the attorney and Burrage had argued about

a phone call that the attorney had made to Burrage on October 3, 2010, and whether the attorney had later called Burrage after talking to his clients.

On April 7, 2011, the bankruptcy court entered its order denying Burrage's motion to reopen the adversary proceeding. The bankruptcy court treated the motion as a motion under Federal Rule of Civil Procedure 60(b) and found that, because it was available at the time of trial, the evidence sought to be introduced by Burrage was not "new evidence." The bankruptcy court further found that the evidence itself was not persuasive on the merits. In making these findings, however, the bankruptcy court only mentioned the phone record, specifically referencing the call on October 4, 2010, and did not mention the call on January 6, 2011, or Mrs. Brown's affidavit.

On April 14, 2011, Burrage filed her notice of appeal with respect to the April 7 Order.

## IV. DISCUSSION

Burrage's brief does not address Rule 60(b) or any of her purportedly new evidence. In fact, her brief does not mention the terms of the settlement agreement at all. Rather, her brief focuses on the merits of the underlying adversary proceeding.[1]

The Panel has reviewed Burrage's motion to reopen her adversary proceeding, Bank One's response and the bankruptcy court's order denying the motion.

Burrage's motion references three pieces of purportedly "new" evidence. The first two pieces of evidence are phone calls made by Bank One's attorney to Burrage. Burrage submitted her phone bill as documentation in support of this evidence. The third piece of new evidence is an affidavit of Mrs. Brown. Mrs. Brown's affidavit describes her perception of a meeting between Burrage and Bank One's attorney, which she attended.

---

1. "Although we extend reasonable latitude to parties proceeding in pro per, this latitude must stop short of manufacturing a viable legal theory where none exists." *Russell v. Popper*, 914 F.2d 1494 (Table) (6th Cir. 1990). In the present case, although Burrage did not articulate her argument on appeal, she did articulate the argument in her motion to reopen her adversary case. Accordingly, the Panel will consider the argument on appeal due to Burrage's pro se status.

Bank One's response to the motion argues that none of the evidence is new. Bank One notes that the phone calls were addressed during the evidentiary hearing and that the phone bill only confirms that the phone calls were made. Further, the motion does not assert any reason why Mrs. Brown was not available to testify at the evidentiary hearing.

The bankruptcy court's order specifically mentions the "53 [sic] second" phone call and notes that "this evidence was available at the time of trial and is therefore not 'new evidence' pursuant to Federal Rule of Civil Procedure 60(b)." Furthermore, the bankruptcy court held that the evidence was not persuasive on the merits. Accordingly, the bankruptcy court denied the motion to reopen.

First, it is important to recognize that a bankruptcy court's opinion is not required to address every issue raised by every party. As the Sixth Circuit has explained in the context of a denial of a motion to reopen by the Board of Immigration Appeals:

> In considering a motion to reopen, however, the BIA is not required "to mention every piece of evidence before it or every logical element of a motion." *Zhang v. Mukasey*, 543 F.3d 851, 854 (6th Cir. 2008). The BIA need only analyze and explain the basis on which its decision was made. *Id.* The BIA owes no "duty to rehearse" the rest of an alien's evidence for the sake of completeness. *Id.* at 855.

*Khakhnelidze v. Holder*, No. 09-4514, 2011 WL 3444304, at *10 (6th Cir. Aug. 8, 2011). *See also Walker v. Sec'y of Health and Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989); *Gilliam v. Astrue*, No. 2:10-CV-017, 2010 WL 2837260 (E.D. Tenn. July 19, 2010) (regarding disability hearing). The same reasoning applies to a bankruptcy court decision. A bankruptcy court's decision not to address a specific argument is not an abuse of discretion, although depending on the facts of the particular case, it may make appellate review more difficult.

Burrage bears the burden of establishing that the bankruptcy court abused its discretion in refusing to reopen the adversary proceeding to consider her allegedly new evidence. *Mfrs' Indus. Relations Ass'n v. E. Akron Casting Co.*, 58 F.3d 204, 207 (6th Cir.1995); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365–66 (6th Cir. 1990). Burrage has not met that burden.

The standard for reopening a case based on new evidence is very stringent.

> In order to prevail under Rule 60(b)(2), a party must demonstrate "that it exercised due diligence in obtaining the information" and that "the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998) (internal quotation marks and citation omitted).

*Erickson's Flooring and Supply Co., Inc. v. Basic Coatings, Inc.*, 370 Fed. App'x 632, 636 (6th Cir. 2010). Additionally,

> Newly discovered evidence must have been "previously unavailable." *See GenCorp*, 178 F.3d at 834. Further it is "'well-established . . . that a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in his control prior to the entry of judgment.'" *General Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989)); *see also Al-Sadoon v. FISI Madison Financial Corp.*, 188 F. Supp. 2d 899, 903 (declining to consider evidence on a motion to reconsider because "none of [it][was] newly discovered and all of it was available to the defendant when it filed its previous motion for summary judgment"); *Scott v. Metropolitan Health Corp.*, 234 Fed. App'x. 341, 366 (6th Cir. 2007) ("As with other rules of civil and criminal procedure, Rule 59(e)'s new-evidence prong required [plaintiff] to show that due diligence would not have uncovered this evidence . . . .").

*Gore v. El Paso Energy Corp. Long Term Disability Plan*, No 3:02-1008, 2008 WL 913284 (M.D. Tenn. Apr. 1, 2008).

The bankruptcy court did consider the phone records in its opinion. Although it only mentioned the October 4, 2010 phone call, the same analysis applies to the January 6, 2011 phone call. Because the phone records were available prior to the evidentiary hearing, they are not new evidence. Likewise, the witness was known in advance of the evidentiary hearing. An affidavit could have been procured prior to the evidentiary hearing; it is not new evidence. The bankruptcy court correctly found that Burrage did not carry her burden of establishing that the case should be reopened due to new evidence. Therefore, the bankruptcy court's decision not to reopen the case is not an abuse of discretion.

## V. CONCLUSION

For the foregoing reasons, the bankruptcy court's order denying Burrage's Motion for Reconsideration is AFFIRMED.