The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| LINDA K. BURRAGE, | ) | CASE NO. 03-66692 |
| | ) | |
| Debtor. | ) | ADV. NO. 08-6091 |
| | ) | |
| LINDA K. BURRAGE, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| HOMECOMINGS FINANCIAL | ) | **PUBLICATION)** |
| NETWORK, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

    On August 15, 2011, pro se Plaintiff Linda Burrage ("Plaintiff") filed a motion for contempt. Defendants Bank One, N.A., as Trustee n/k/a JP Morgan Chase and Homecomings Financial, LLC ("Defendants") opposed the motion with a response filed on August 22, 2011.

    The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

1

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

The facts related to this proceeding were set forth in several previous opinions. Those factual findings are hereby incorporated and will not be repeated in detail. Rather, the court will outline only the basic facts.

Debtor filed a chapter 13 plan in 2003 and included a mortgage arrearage in her plan. She completed payments under the plan and received a discharge in 2007. The mortgage was deemed current prior to her discharge. In 2008, she reopened the case and filed this adversary action, alleging the Defendants had filed to treat her mortgage current under the court's order.

Ultimately, the matter was set for trial, but the trial did not go forward because the court was informed that the parties had settled the matter. Plaintiff later disagreed. After a hearing, the court concluded that the parties had reached an oral settlement agreement and found the agreement was enforceable ("Order"). The Order required Defendants to make payments under the agreement by no later than April 11, 2011. The adversary proceeding was summarily closed after entry of the order on February 11, 2011.

Plaintiff did not appeal the court's order. Instead, she filed a motion to reopen the adversary proceeding on March 3, 2011, seeking to provide new evidence. The court denied the motion and Plaintiff appealed to the Bankruptcy Appellate Panel, filing a Notice of Appeal on April 14, 2011.

Just prior to the appeal, Defendants moved to extend time to perform under the Order. According to the motion, the mortgage had been transferred and additional time was needed to bring the new holder up to speed. The court granted the motion and the deadline to make the payment to Plaintiff was extended one month, to May 11, 2011.

On May 11, 2011, Defendants filed a motion to stay the Order in light of the pending appeal. The motion was granted, over Plaintiff's objection, on May 31, 2011. As a result, performance under the settlement agreement and Order was stayed pending the outcome of the appeal. The Bankruptcy Appellate Panel issued an opinion and order on November 18, 2011, affirming this court's decision not to reopen the adversary proceeding.

## LAW AND ANALYSIS

In the first paragraph of her motion, Plaintiff references Federal Rule of Bankruptcy Procedure 8005, governing stays pending an appeal. Upon review of the motion, this rule is not germane. The caption of the motion, "Plaintiffs' (sic) Motion for Contempt," is a more appropriate summation of the relief sought and the court will review the motion as a motion for

2

contempt made pursuant to Federal Rule of Bankruptcy Procedure 9020. Plaintiff contends that Defendants continue to treat her account as delinquent, in violation of the court's orders deeming the mortgage current and the parties' settlement agreement.

In her motion for contempt, Plaintiff complains of the very thing that serves as the basis for this adversary action and which was resolved in the parties' settlement agreement, as presented in the Order dated February 11, 2011. She maintains that the mortgage company failed to deem her account current in accordance with the order entered on July 11, 2007, causing the addition of improper fees and charges to the account. These same claims are the foundation for the count two of her complaint. The February 11, 2011 Order fully resolved the complaint, including count two, and dismissed the complaint. Plaintiff did not appeal the order. Consequently, Plaintiff cannot now collaterally attack the Order. The court concludes that any counts or claims that Plaintiff has for violation of the October 16, 2007 order deeming the mortgage current are resolved through the Order. This matter has been decided and is final.

Plaintiff also alleges that Defendants should be held in contempt for failing to abide by the Order. The court does not agree.

First, Defendants' compliance with the Order was stayed by this Court on May 31, 2011 while Plaintiff pursued an appeal with the Bankruptcy Appellate Panel. The court has repeatedly made efforts to explain that Plaintiff cannot expect to receive the benefits under the Order while at the same time challenging the Order. Defendants were excused from complying while the appeal was pending.[1] Now that the appeal has been determined, the stay is effectively terminated and performance under the Order, by both parties, is expected.

Second, Plaintiff presented a letter alleging that Defendants continue to treat her mortgage as delinquent. The letter references payments made in July 2011 and applied to June 2011. As stated above, Defendants' compliance was stayed at the time Plaintiff filed her motion for contempt. Defendants' performance was excused during the stay, so Plaintiff's motion for contempt is premature. She should not have expected Defendants' compliance at the time her motion for contempt was filed.

In spite of the stay, Defendants respond and argue that they did partially perform their obligations regarding the mortgage, including deeming the mortgage current and providing the credit. Defendants claim they deemed Plaintiff current as of May 30, 2011, making her due for June 14, 2011. It received Plaintiff's next payment on July 7, 2011 and applied it to June 14, 2011. Under this rational, Plaintiff was late. Based on Exhibit A, and the terms of the Order, the court disagrees with Defendants.

---

[1] In spite of the stay, Defendants partially performed under the Order, as evidenced by the transactions in Plaintiff's Exhibit A, which include a $10,000 principal mortgage credit.

3

On February 11, 2011, the court entered the Order adopting the parties' oral settlement agreement. The Order provided that the loan was deemed current as of January 31, 2011. If the loan were current on January 31, 2011, the court concludes Plaintiff has introduced evidence that shows she should be current on her payments. Her due date is the fourteenth of each month. After the loan was deemed current, Plaintiff's records indicate the following:

| Date money order was purchased: | Amount: | Date payment posted to Account: | Applied to:[2] |
|---|---|---|---|
| 1/26/2011 | $701.78 | 2/03/11 | February 2011 |
| 2/25/2011 | $701.78 | 2/28/11 | March 2011 |
| 3/29/2011 | $701.78 | 3/31/11 | April 2011 |
| 4/26/2011 | $701.78 | 4/29/11 | May 2011 |
| 5/25/2011 | $711.39 | 5/30/11 | June 2011 |
| 7/01/2011 | $711.31 | 7/07/11 | July 2011 |
| 7/29/2011 | $711.38 | Unknown | |

Defendants' contention that Plaintiff is not current is not well-taken. However, because of the stay pending appeal that was in place, the court finds that Defendants cannot be held in contempt for matters relating thereto prior to determination of the appeal.

For these reasons, the court cannot find Defendants in contempt for actions taken prior to the decision of the Bankruptcy Appellate Panel. Plaintiff's motion for contempt is denied. An order shall be entered immediately.

# # #

**Service List:**

Linda K. Burrage
320 Home Ave.
Mansfield, OH 44902

Joel Everett Sechler
Carpenter & Lipps, LLP
280 North High Street
280 Plaza Suite 1300
Columbus, OH 43215

---

[2] This is based on the court's interpretation of the order and the information provided.

4